## Coleman's Assigned Estate (No. 2).

*Auditor—Auditor's findings of fact—Review.*

Where an auditor finds that a creditor of an assignor for the benefit of creditors, who held securities as collateral for a debt of the assignor, purchased the pledged securities at a public sale, not for himself, but for the benefit of the assigned estate, and this finding is based mainly on the testimony of the secured creditor, the Supreme Court will sustain the finding of the auditor, although such finding was reversed by the court of common pleas.

Argued Feb. 15, 1900. Appeal, No. 437, Jan. T., 1899, by Archibald Rogers, from order of C. P. Lebanon Co., Sept. T., 1893, No. 169, sustaining exceptions to auditor's report In re Assigned Estate of Robert H. Coleman. Before MITCHELL, DEAN, FELL, BROWN and MESTREZAT. Reversed.

Exceptions to report of George B. Schock, Esq., auditor.

The facts appear by the opinion of the Supreme Court, and the report of Coleman's Assigned Estate (No. 1), ante, p. 29.

*Error assigned* was in sustaining exceptions to auditor's report.

*Jefferson Snyder*, with him *Philip S. Zieber*, for appellant.

*A. A. Stevens*, and *Lewin W. Barringer*, with them *James Collins Jones*, *Thomas H. Capp*, *C. H. Killinger*, *Howard C. Shirk*, *John A. Coyle* and *Robert Snodgrass*, for appellees.

OPINION BY MR. JUSTICE DEAN, July 17, 1901 :

This appeal has been practically decided by our opinion on the third assignment of error in the appeal of the assignees from the decree of the court of common pleas in same estate. But as this appellant was not technically a party to same decree, he out of caution takes this appeal.

By an assignment made July 21, 1893, by Robert H. Coleman, to appellant, he transferred to Rogers certain railway bonds and notes to secure an indebtedness of Coleman to Rogers in sum of $212,000. The deed of transfer empowered Rogers to take all measures for the collection of the property transferred, and protection thereof as the assignor might himself have taken if the property had not been transferred.

In pursuance of a policy determined on by the counsel of Coleman, the transferred securities were offered by Rogers at public sale, a sale under the direction and supervision of Coleman's counsel or his assignee's counsel. They were purchased by Rogers at twenty per cent of their par value. This price had been agreed upon as the bid price before the sale. It was supposed at the time by all parties that this was much less than their value; Rogers claims that he bid them in merely as

trustee for Coleman—that he did not purchase for himself but for the estate. The assignees do not deny this, but the creditors do. They claim that Rogers was an absolute purchaser, and must be credited the aggregate amount of his bid on his debt of $212,000. The auditor found as a fact, from the oral testimony and circumstances, that Rogers bid as a mere trustee and that the securities in his hands belong to the estate. The learned judge of the court below takes an opposite view of the testimony and holds that the purchase was made by Rogers for himself. While there is considerable evidence to warrant the view of the court, it must be borne in mind, the fact in the main depends on the credibility of Rogers, who testified positively that he bought and held as trustee for Coleman. Mr. Kendall, one of the assignees, testifies that he understood Rogers did not buy the securities for himself, and in this he is corroborated by Mr. Bartlett, one of Coleman's counsel. Taking the evidence as a whole, we adopt the fact as found by the auditor instead of that found by the court below from the printed testimony.

The appeal is sustained, the decree of the court below reversed, and distribution is ordered to be made as reported by the auditor.